```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
DERRICK A. ANDERSON,          :
                              :    Civil Action No. 11-7254 (RMB)
            Petitioner,       :
                              :
       v.                     :    MEMORANDUM OPINION AND ORDER
                              :
DONNA ZICKEFOOSE,             :
                              :
            Respondents.      :
_____:
```

This matter comes before the Court upon Petitioner's Section 2241 Petition. Petitioner paid the filing fee of $5.00, see Docket Entries Nos. 1 and the entry dated December 27, 2011.

Petitioner is an inmate, currently serving his term of imprisonment at the F.C.I. Fort Dix, Fort Dix ("Fort Dix"). According to the Petition, Petitioner is an inmate serving a term imposed by the United States Army. On November 21, 1991, Petitioner was convicted as a result of United States court-marshal proceedings that were held in the Federal Republic of Germany. The conviction ensued from two charges of sexual assault, three charges of attempted rape, as well as battery and assault charges, and it resulted in a 22-year prison sentence. See Docket Entry No. 1, at 1-2. In addition, Petitioner's offenses resulted in criminal prosecution by the local German authorities; that German prosecution produced a life sentence with fifteen years of parole ineligibility. See id. at 2. Having served fifteen years of his German term, Petitioner was

released by the Federal Republic of Germany into the custody of the United States authorities on March 25, 2010. See id. On May 18, 2010, Petitioner was transferred to Fort Dix, where he is serving the sentence imposed as a result of his court-marshal proceedings. See id.

Petitioner contends that the criminal sentence he had served in custody of the Federal Republic of Germany should be concurrent with the sentence imposed as a result of his court-marshal proceedings,[1] see id. Petitioner also avers that his court-marshal-imposed sentence is subject to "military good time credit" afforded to military inmates. See id. Petitioner contends that his 22-year court-marshal-imposed sentence, reduced by such credit, should have produced a 14-year-9-month-25-day

---

[1] Petitioner makes such argument based on: (a) the fact that, on November 22, 1991, that is, the day following his court-marshal sentencing, Petitioner was released into custody of the authorities of the Federal Republic of Germany, in order to face his criminal charges in that country; (b) Petitioner's assertion that such release was a result of the Federal Republic of Germany's issuance of a writ of habeas corpus ad prosequendum (which is a writ typically used in common-law countries to "borrow" a prisoner held in one jurisdiction solely for the purposes of his/her criminal proceedings to be held by the court of other jurisdiction); (c) Petitioner's belief that his entire 15-year sentence served in the Federal Republic of Germany must have been served pursuant to such writ of habeas corpus ad prosequendum; (d) Petitioner's opinion that the United States had primary jurisdiction over Petitioner with regard to his offenses that resulted in his sentence served the Federal Republic of Germany and in his court-marshal-imposed sentence; and (e) Petitioner's position that his court-marshal-imposed sentence necessarily had to run uninterrupted from the date of its imposition. See generally Docket Entry No. 1, at 2-3.

period of imprisonment, i.e., a term just short of 15 years. See id. at 3. Thus, Petitioner argues that his sentence imposed as a result of his court-marshal proceedings had to expire even before he was paroled into the U.S. Army custody by the Federal Republic of Germany. See id.

As of now, Petitioner's information on the Bureau of Prisons ("BOP") website indicates that Petitioner is scheduled to be released on June 10, 2024. See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=derrick&Middle=&LastName=anderson&Race=U&Sex=U&Age=&x=86&y=17>>.

The Petition is accompanied by exhibits replicating Petitioner's application to the BOP and the BOP's responses. See Docket Entry No. 1, at 5-14. These exhibits seem to suggest that: (a) Petitioner's mode of calculating his military good time credits applicable to his court-marshal-imposed sentence differs from the calculation made by the Department of the Army; and (b) Petitioner's presumption of mandatory concurrence is not shared by the Department of the Army. See, e.g., id. at 8. These exhibits also indicate that Petitioner requested the BOP to recalculate his court-marshal-imposed sentence in accordance with Petitioner's position that the sentence run concurrently. See id. at 9-14.

The response Petitioner received from his current warden reads:

> This is in response to your Request for Administrative Remedy, in which you contend your sentence computation should commence on November 21, 1991. The Correctional Systems Management Department contacted the Designation and Sentence Computation Center in Texas to further review your file. We will notify you when we receive confirmation from Texas on this issue. This response is for informational purposes only. . . .

Id. at 10.

The response by the BOP Regional Office reads:

> You appeal the response from the Warden at FCI Fort Dix and denial of your request for prior custody credit on your federal sentence for time spent in custody from August 19, 2002, through March 17, 2004. You state the credit you seek was time spent in custody not credited toward your state sentence. You request your sentence computation be corrected. A review of your appeal revealed, on August 17, 2011, your sentence computation was reviewed and updated by the Designation and Sentence Computation Center. Your sentence computation currently reflects November 21, 1991, as the date your sentence computation began. You are currently scheduled for release on June 10, 2024, [upon serving two-thirds of your court-marshal-imposed sentence]. Your statutory [r]elease date is October 11, 2031. Accordingly, your appeal has been granted.

Id. at 12.

The response Petitioner received from the National Inmate Appeals, i.e., the Central office of the BOP, reads:

> This is in response to your Central Office Administrative Remedy Appeal in which you contend you have been in U.S. custody since November 21, 1991, the day you were sentenced in military court, and your sentence computation should begin

> that day.  You request credit toward your federal sentence from November 21, 1991 to the present and to be credited with good time equal to one third of your sentence which would make your release date past due.  A review of the documentation provided to the Bureau of Prisons by the Department of the Army supports that the Designation and Sentence Computation Center (DSCC) has correctly computed your sentence to begin on November 21, 1991. You contend your sentence incorrectly "paused" for the writ of ad prosequendum. Contrary to your contention, however, the record reflects your sentence computation began on November 21, 1991, and has not stopped.  Issues regarding Military Good Time need to be addressed with the Records Office, U.S. Army Disciplinary Barracks, Fort Leavenworth, Kansas.  As based on Program Statement 5110.[1]6, Administration of Sentence for Military Inmates, the DSCC must accept the sentence computation provided by military authorities. Since the DSCC must accept a sentence computation provided by the military, a manual Good Time Record form is not maintained for military inmates.

Id. at 14.

As the foregoing illustrates, Petitioner exhausted his challenges (based on Petitioner's presumption about mandatory concurrence and his mode of calculating the military good time credits) with the BOP, that is, with the agency acting only as a surrogate custodian for the U.S. Army (which is the true custodian of Petitioner) for the purposes of Petitioner's court-marshal-imposed sentence custodian; in other words, Petitioner exhausted his challenges with the agency having no power to re-calculate Petitioner's term or to render on Petitioner's position as to mandatory concurrence or his military good time credits. Indeed, the BOP's PS 5110.16 provides, in relevant part:

> To implement the current agreement between the Bureau and the U.S. Army in which the Bureau agreed to accept a certain number of military inmates. The Army will receive inmates from the other branches of the military for transfer into Bureau custody as part of that agreement. . . . Military sentence computations are provided by the Records Office, U.S. Army Disciplinary Barracks, Fort Leavenworth, Kansas. The DSCC must accept the sentence computation provided by military authorities, and refer suspected errors, or challenges to the sentence computation by the inmate, to the military Records Office for resolution. Since the Bureau must accept a sentence computation provided by the military, a manual Good Time Record form (BP-A0380) is not maintained for military inmates.

<<http://www.bop.gov/policy/progstat/5110_016.pdf>>.

As the P.S. 5110 provides, however, the DSCC must refer challenges to the sentence computation by the inmate to the military Records Office for resolution. Thus, since Petitioner's challenges must be exhausted by the Department of Army (i.e., the agency in the position to render on the concurrence issue and on the mode of calculating GCT credits for military inmates), rather than with the BOP, Petitioner's challenges are facially unexhausted for the purposes of this Court's instant review.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging  the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v.

Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals: it is "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Goldberg v. Beeler, 82 F. Supp. 2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Here, given the nature of Petitioner's challenges, enforcement of the exhaustion requirement appears particularly suited.  Therefore, Petitioner's instant § 2241 application will be dismissed for failure to exhaust his administrative remedies.  Such dismissal will be without prejudice to Petitioner's filing of another § 2241 petition once Petitioner's challenges are fully exhausted administratively with the Department of Army.

   IT IS, therefore, on this **15th** day of **March** **2012**,

**ORDERED** that, in the event Petitioner duly exhausted his challenges before the Department of Army, Petitioner shall inform this Court of such exhaustion by filing with the Clerk a written

statement so verifying and detailing the outcome of Petitioner's efforts to that effect; and

IT IS FURTHER **ORDERED** that, in the event the Department of Army denied Petitioner's application, but Petitioner is of the opinion that the Bureau of Prison erred in its determination that it could not grant Petitioner relief without having Petitioner's challenges first resolved by the Department of Army, Petitioner shall file a written statement with the Clerk so framing the issue; and

IT IS FURTHER **ORDERED** that, in the event Petitioner elects to file a written statement detailing his exhaustion efforts with the Department of Army or re-framing the position presented by the Petition at bar, Petitioner shall file his written statement within forty-five days from the date of entry of this Memorandum Opinion and Order; and

IT IS FURTHER **ORDERED** that this Court retains jurisdiction over this matter for the period of sixty days from the date of entry of this Memorandum Opinion and Order in order to address Petitioner's written submission, if such is received; and

IT IS FURTHER **ORDERED** that the Petition is dismissed without prejudice for failure to meet the exhaustion requirement; and

IT IS FURTHER **ORDERED** that the Clerk shall serve this Order upon Petitioner by certified mail, return receipt requested; and

　　　　IT IS FINALLY **ORDERED** that the Clerk shall close the file on this matter.

　　　　　　　　　　　　　　　　　　<u>s/Renée Marie Bumb</u>
　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　**United States District Judge**